## THE PICTONIAN.

Circuit Court of Appeals, Second Circuit.
June 6, 1927.

No. 339.

1. Intoxicating liquors ⬤⟹246—Foreign vessels may lawfully carry liquor outside United States territorial jurisdiction.

It is lawful for foreign vessels to carry a cargo of liquor outside territorial jurisdiction of the United States.

2. Intoxicating liquors ⬤⟹246—Liquor-laden foreign vessel, seized 14 miles from coast, held not subject to forfeiture for unlawfully possessing liquor (Volstead Act, tit. 2, § 3 [Comp. St. § 10138½aa]).

Liquor-laden foreign vessel, seized by Coast Guard 14 miles from United States coast, *held* not subject to forfeiture for possessing intoxicating liquor in violation of Volstead Act, tit. 2, § 3 (Comp. St. § 10138½aa).

3. Customs duties ⬤⟹130(9)—Absence of manifest held no ground for forfeiture of liquor-laden foreign vessel, seized 14 miles from coast (Tariff Act 1922, § 584 [Comp. St. § 5841h3]; Comp. St. § 5508).

Absence of manifest *held* no ground for forfeiture, under Tariff Act 1922, § 584 (Comp. St. § 5841h3), of liquor-laden foreign vessel seized by Coast Guard 14 miles from United States coast, in absence of proof that vessel was bound for a United States port, or that she had arrived at any port of entry; government officials having no authority to require manifest at that distance from shore, in view of Rev. St. § 2811 (Comp. St. § 5508).

20 F.(2d)—23

4. Customs duties ⬤⟹130(7)—Liquor-laden foreign vessel, seized 14 miles from coast, after small boat left her side, held not subject to forfeiture for unlading without permit (Tariff Act 1922, § 586 [Comp. St. § 5841h5]).

Liquor-laden foreign vessel, seized by Coast Guard 14 miles from the United States coast, after small boat left her side, *held* not subject to forfeiture under Tariff Act, 1922, § 586 (Comp. St. § 5841h5), forbidding unlading without a permit within 12 miles of the coast, in absence of evidence of unlading or of attempt to unlade.

5. Customs duties ⬤⟹130(11)—Liquor-laden foreign vessel, seized 14 miles from United States coast, held not subject to forfeiture for fraudulent importation (Tariff Act 1922, §§ 591, 593 [Comp. St. §§ 5841h10, 5841h12, 5841h13]).

Liquor-laden foreign vessel, seized by Coast Guard 14 miles from United States coast, *held* not subject to forfeiture under Tariff Act 1922, §§ 591, 593 (Comp. St. §§ 5841h10, 5841h12, 5841h13), forbidding introducing to the commerce of the United States of any import merchandise by means of fraudulent or false invoice declaration, or false or fraudulent practice or appliance; it being necessary, under section 593 (§§ 5841h12, 5841h13), that goods actually penetrate beyond customs barrier.

6. Customs duties ⬤⟹130(11)—Liquor-laden foreign vessel, seized 14 miles from coast, held not subject to forfeiture for not having paid tax (Comp. St. § 6352).

Liquor-laden foreign vessel, seized by Coast Guard 14 miles from United States coast, *held* not subject to forfeiture, under Rev. St. § 3450 (Comp. St. § 6352), for not having paid tax imposed by the United States.

Appeal from the District Court of the United States for the Eastern District of New York.

Libel by the United States for forfeiture of the schooner Pictonian, her tackle, apparel, furniture, papers and engines; Irving Torrey, owner. From a decree sustaining the libel (3 F.[2d] 145), the owner appeals. Reversed.

Louis Halle, of New York City (Nathan April, of New York City, of counsel), for appellant.

William A. De Groot, U. S. Atty., of New York City (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. The Pictonian is a vessel of British registry and while at a point over 14 miles distant from the coast of the United States she was seized by the United States Coast Guard on the 28th of September, 1924. A libel was filed, setting forth

five causes of forfeiture of the vessel: (1) The possession of intoxicating liquors in violation of section 3 of title 2 of the Volstead Act (Comp. St. § 10138½aa); (2) a violation of the Anglo-American treaty (43 Stat. 1761), and a failure to produce a manifest under section 584 of the Tariff Act of 1922 (Comp. St. § 5841h3); (3) an attempted introduction and an attempted unlading of intoxicating liquors in violation of section 586 of the Tariff Act of 1922 (Comp. St. § 5841h5); (4) an attempt to smuggle into the United States intoxicating liquors in violation of sections 591, 593, 594, of the Tariff Act of 1922 (Comp. St. §§ 5841h10, 5841h12–5841h14); and (5) the removal and concealment of intoxicating liquors in violation of section 3450 of the Revised Statutes (Comp. St. § 6352).

On the day of the seizure and arrest, a small boat was observed coming alongside the Pictonian, and, after staying a very short time, left her side and proceeded toward the shore. The Coast Guard boat gave chase and overtook her, whereupon the small craft was searched, and three men were found on board, and one of them possessed $1,631 in currency. There was no liquor found on board. Whereupon the Pictonian was boarded, searched, and seized. She was carrying a cargo of liquor and found to be under British registry. In explanation of the visit of the smaller boat, the captain of the Pictonian said that she had sustained an injury to her feed line pipe and was alongside trying to obtain assistance.

[1, 2] It was lawful for the Pictonian to carry a cargo of liquor outside of the territorial jurisdiction of the United States. Cunard S. S. Co. v. Mellon, 262 U. S. 100, 43 S. Ct. 504, 67 L. Ed. 894, 27 A. L. R. 1306. Considering the distance off of this vessel, and the absence of proof of possession of intoxicating liquors within the territorial jurisdiction of the United States, there is a failure of proof to establish the first cause for forfeiture. As pointed out in The Sagatind (C. C. A.) 11 F.(2d) 673, 45 A. L. R. 1007, we are not called upon to consider the international effect of the hovering statutes, or the power of Congress to prescribe what is commonly referred to as the 12-mile limit. We held there that there was no extension of the territorial jurisdiction created by the treaty of May 22, 1924, between the United States and Great Britain (43 Stat. 1761).

[3] The second cause of forfeiture is based upon a violation of section 584 of the Tariff Act of 1922, which imposes the penalty of a fine, if breached. It was unnecessary for this vessel to have a manifest, so as to be called upon to exhibit it arriving 14 miles distant from the coast. There was no proof that the Pictonian was bound for a port of the United States, nor had she arrived at any port of entry, and there was no authority in the officials of the government to require production of a manifest at this distance from shore. Section 2811 of the Revised Statutes (Comp. St. § 5508) provided for such production within 4 leagues of the coast at any time, and section 584 of the Tariff Act provides a penalty for failure to produce a manifest or for producing a false manifest, but does not expressly state at what point production of a manifest may be compelled. The customs officer may go on board within 4 leagues of the coast to examine the manifest. The duty of production is coextensive with the authority to inspect, and this extends no further than a point 12 miles removed from the coast. Since it is admitted that these officers boarded 14 miles from the coast, it is apparent that this statute was not violated.

[4] The third cause of forfeiture is the unlawful attempt to introduce or unlawful attempt to unlade liquors in violation of section 586 of the Tariff Act. This section forbids the act of unlading without a permit within 12 miles off the coast. Here there is no evidence of unlading, or even attempting to unlade, liquors from the Pictonian. It may be that those on the vessel and on the smaller craft intended to do so, but their act of preparation in the attempt at the act was frustrated either by fear or sight of the Coast Guard officers, for the smaller craft left the side of the vessel unloaded.

[5] Likewise there was an absence of proof to sustain the fourth cause of forfeiture, namely to clandestinely introduce intoxicating liquors, in violation of sections 591, 593 of the Tariff Act of 1922. Section 591 forbids a consignor, importer, or seller to enter or introduce, or attempt to enter or introduce, into the commerce of the United States, any imported merchandise by means of any fraudulent or false invoice declaration or by means of any false or fraudulent practice or appliance. Under section 593, it is necessary that the goods actually penetrate beyond the customs barrier. Keck v. United States, 172 U. S. 435, 19 S. Ct. 254, 43 L. Ed. 505. The offense may be committed when the goods have been brought within the limits of the port of entry. The Squanto (C. C. A.) 13 F.(2d) 548. But the government has offered no evidence to sustain the charge under any lawful construction of this section.

[6] The fifth cause of forfeiture is based upon the theory that the Pictonian arrived off the coast laden with intoxicating liquors upon which a tax is imposed by the United States, and which was not paid, in violation of section 3450 of the Revised Statutes. We disposed of such a claim, similarly made, in The Squanto, 13 F.(2d) 548, holding that it could not form a basis of forfeiture for a violation of this section.

It is argued by the appellee that this forfeiture should be sustained, because of what was written in Ford v. United States, 273 U. S. —, 47 S. Ct. 531, 71 L. Ed. —, decided by the Supreme Court April 11, 1927. We find nothing in that opinion which we think is inconsistent with what we held in The Sagatind (C. C.-A.) 11 F.(2d) 673, 45 A. L. R. 1007. Moreover, here the evidence and conceded facts do not support the claims for forfeiture.

Decree reversed.