## UNITED STATES v. 1,197 SACKS OF INTOXICATING LIQUOR.
### No. 3358.

District Court, D. Connecticut.
Feb. 12, 1931.

See also (D. C.) 38 F.(2d) 822.

George H. Cohen, Asst. U. S. Atty., of Hartford, Conn.

Louis Halle, of New York City, for claimant.

**THOMAS, District Judge.**

This matter is before the court on a libel against the cargo of the John M. Hathaway in two causes of forfeiture. The first is predicated upon the provisions of section 4377, and the second upon the provisions of section 4337, of the Revised Statutes (46 USCA §§ 325, 278). Section 4377 provides as follows:

"Penalty for violation of license. Whenever any licensed vessel is transferred, in whole or in part, to any person who is not at the time of such transfer a citizen of and resident within the United States, or is employed in any other trade than that for which she is licensed, or is found with a forged or altered license, or one granted for any other vessel, such vessel with her tackle, apparel, and furniture, and the cargo, found on board her, shall be forfeited. But vessels which may be licensed for the mackerel fishery shall not incur such forfeiture by engaging in catching cod or fish of any other description whatever."

Section 4337 provides as follows:

"Penalty for unlawfully proceeding on foreign voyage. If any vessel, enrolled or licensed, shall proceed on a foreign voyage, without first giving up her enrollment and license to the collector of the district comprehending the port from which she is about to proceed on such voyage, and being duly registered by such collector, every such vessel, together with her tackle, apparel, and furniture, and the merchandise so imported therein, shall be liable to seizure and forfeiture."

Subsequently, exceptions were filed by the claimant to both causes, and after hearing had the exceptions to the second cause of forfeiture were sustained and overruled as to the first cause of forfeiture. Thereafter the claimant filed an answer to the first cause setting up two separate defenses, to wit:

1. That the cargo was the property of the claimant, belonged to him in good faith, and that it was not the property of the master, owner, or mariner of the John M. Hathaway, and that there were no duties due and owing on the cargo, and that because of these facts the cargo comes within the exception set forth in section 4378 of the Revised Statutes; and

2. That the transfer of the cargo from the Fannie Powell to the John M. Hathaway was necessitated by the distress of the Fannie Powell for causes beyond the control of her crew.

The issues thus presented raise the question of whether, upon the agreed facts together with the evidence adduced at trial, the liquors seized are subject to forfeiture under the allegations of the libel.

It appears that the Powell cleared from St. Pierre, Miquelon, in Canada, bound for Bermuda carrying a cargo of intoxicating liquors which later had to be transferred to the Hathaway because of the distress of the Powell, and that the Hathaway and the transferred cargo were seized by the Coast Guard at a point on the high seas in Latitude 41

degrees 7 minutes north, Longitude 67 degrees 22 minutes west. Julian Moraze of St. Pierre, Miquelon, claims the cargo as owner and his son testified to that ownership. He was called as a witness in behalf of the claimant, and his testimony was straightforward and convincing. It was not only not shaken on cross-examination, but quite confirmative of his direct. His testimony shows that 1,300 sacks of liquor belonging to his father, properly manifested for Bermuda, had been loaded on the Powell at St. Pierre and that she was bound for Bermuda and not for the United States. It further shows that when the Powell was on the high sea at the point indicated, supra, and about 70 miles beyond the 12-mile limit, the Powell was in distress due to the fact that she was leaking, which was caused by mechanical defects, and that in order to reach the pipes which were causing the leak it was necessary to move a large part of the cargo, and that there was no room on the Powell to put the cargo, which made it necessary to transfer it to the Hathaway. He further testified that there was no intent at any time to land the cargo in the United States and that it was his father's property at all times and that he was in charge of the cargo as his father's representative. That he supervised the loading of the cargo at St. Pierre and was aboard the Powell at the time of the transfer to the Hathaway, and that it was only intended to place the liquor aboard the Hathaway until the crew could make the necessary repairs, and that the Hathaway was to stand by and after repairs had been finished to place the cargo back on the Powell and resume the voyage to Bermuda. He further testified that shortly after the cargo had been transferred and repairs started the Hathaway got under way, and that he then noticed smoke coming from the deck of the Hathaway, which was fast disappearing from view. All this testimony is undisputed.

No claim is made by the government that any of the liquor ever came within the territorial waters of the United States, nor is there any claim that there were any revenues due on the liquor.

It seems clear to me that this case falls within the exceptions found in section 4378 of the Revised Statutes (46 USCA § 326), which provides:

"Exemption from forfeiture. Any merchandise on board any vessel which belongs, in good faith, to any person other than the master, owner, or mariners of such vessel, and upon which the duties have been paid, or se-

cured according to law, shall be exempted from any forfeiture under this chapter."

The libelant claims that the cargo is subject to forfeiture because the Hathaway made contact with a foreign boat, and so had gone on a foreign voyage in violation of section 4337 of the Revised Statutes. There is now no merit in this claim in view of the fact that the claimant's exceptions to this cause of forfeiture have already been sustained, so that section 4337 is not now before us. Besides, the undisputed testimony establishes the fact that the transfer of the cargo was necessary because of the distress of the Powell.

The libelant also claims that the cargo is subject to forfeiture because of the fact that the Hathaway, an American schooner, was engaged in a trade other than that for which she was licensed. The answer to this claim is that the exception provided for in section 4378 of the Revised Statutes defeat this claim and that section 4377, therefore, cannot apply.

The libelant further claims that the cargo is subject to forfeitures because of the fact that since there was no manifest, the master of the boat is considered the consignee of the cargo. The decisions dispose of this contention adversely to the libelant, and the courts have held that a manifest is required only where a vessel is bound to the United States, and that no official of the government has a right to demand a manifest beyond twelve miles of the coast of the United States. See The Pictonian (C. C. A.) 20 F.(2d) 353. The master can only be considered the consignee where it appears that the cargo was under his control. In the instant case the evidence is direct and persuasive that the cargo was under the control of the claimant's son, and that the master had no supervision or control of the cargo. Besides, the fact that the Powell was in distress is a sufficient answer to the third claim.

The cases cited and relied upon by the libelant may be differentiated from the facts in the case at bar sufficiently so as to hold that they are not applicable here because in none of them was there a transfer of cargo necessitated by a dangerous situation with the vessel carrying the cargo so as to make the distress real as already pointed out.

It seems to me that the exception found in section 4378 was enacted to protect the interests of an innocent owner of merchandise from a forfeiture where the facts disclose that there was no plan or design to violate the laws of the United States.

It follows, therefore, that an order may be entered dismissing the libel and returning the cargo to the claimant.